## SAILS v. WHITING'S SUPREX MARKET, et al.

No. Z-7628.

Industrial Commission.

April 14, 1960.

E. O. Palermo of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for the employer and insurance carrier.

PHILLIP L. KNOWLES, Deputy Commissioner.

Pursuant to statutory notice, a hearing was conducted by the undersigned deputy commissioner at Bradenton on February 23, 1960. After hearing the evidence presented by the parties, the undersigned deputy commissioner finds —

That this commission has jurisdiction of the parties to and the subject matter of this cause.

That Seymore Sails, Jr., a minor 14 years of age, born on December 4, 1944, suffered an injury by accident arising out of and in the course of his employment on December 27, 1958, while em-

ployed by the employer, Whiting's Suprex Market, as a cleanup boy. At the time of his accident and injury he was cleaning a meat grinding machine, at which time he accidentally turned on the machine, causing an injury and the subsequent amputation of the index finger of the right hand. As a result of his injury he is entitled to a period of 35 weeks compensation for his permanent injury.

That the employee herein was employed by the employer for a period of approximately six months prior to the date of his injury on December 27, 1958. His duties consisted of helping clean the meat department of the employer's super market. His hours of work consisted of coming in for approximately one hour each Saturday night, for which he was paid $1.50 for the hours worked. The only question in the case is the proper compensation rate for purposes of disability compensation payments.

That following his injury he was furnished medical care in accordance with the Workmen's Compensation Law and was paid compensation for 35 weeks at the rate of $1.50 weekly. In addition, he was unable to do full time employment, since he was attending school.

Subsection 4 of F.S. 440.14 reads as follows — "If it be established that the injured employee was a minor when injured, and that under normal circumstances his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages."

The undersigned further finds, in accordance with the requirements of F.S. 440.14(4), that the injured employee was a minor and that he has suffered disability which will remain with him through his lifetime in that he has permanently lost a finger. At the time of his injury he was a minor attending school full time and the work he was doing when injured was for the period of only one hour one day weekly. It is therefore reasonable to assume that under normal conditions his wages would increase upon becoming an adult available for full time employment. During full time employment he would have expected, on a very minimum basis, to be able to earn a laborer's wage of $1.50 per hour, 8 hours daily for five days a week or a total of $60 weekly. The undersigned finds that for purposes of the compensation rate in this case the employee's average weekly wage as found pursuant to the latitude allowed by the provisions of subsection 4 of F.S. 440.14 was $60, entitling him to a compensation rate of $35 weekly.

It is therefore ordered that the employer herein, R. J. Whiting, doing business as Whiting's Suprex Market, through its carrier herein, American Fire and Casualty Company, pay to Seymore Sails, Sr., the father and natural guardian of Seymore Sails, Jr., the employee herein, the sum of $35 weekly for a period of 35 weeks, for the use and benefit of Seymore Sails, Jr., as compensation for permanent disability, all of which is due and payable and should be paid in a lump sum.